IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,801






EX PARTE JOSE MALPICA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-0799-01-A IN THE 114
TH JUDICIAL DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery and was sentenced by a jury to ninety-nine years' imprisonment. The Twelfth Court of
Appeals affirmed his conviction. Malpica v. State, No. 12-01-00330-CR (Tex. App. - Tyler, April
30, 2003). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and failed
to advise him of his right to petition for discretionary review pro se. 

 Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that Applicant received effective assistance from
appellate counsel. The trial court recommends that relief be denied. However, the trial court's
finding and recommendation are not supported by the record. 

 Along with her affidavit, appellate counsel filed a copy of the letter she sent to Applicant in
which she informed him that his conviction had been affirmed on direct appeal, and that he could
petition this Court for discretionary review. The letter, which is dated February 15, 2005, was sent
long after the 30-day period for filing a petition for discretionary review in this Court had passed. 
Furthermore, in the letter appellate counsel incorrectly informs Applicant that he has 30 days from
his receipt of the letter in which to file a petition for discretionary review in this Court. No mention
is made of the right to file a petition pro se, and no explanation is given for the delay in sending the
notification. 

 Appellate counsel's notification was neither timely nor sufficient to inform Applicant of his
right to pursue discretionary review. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We
find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for
discretionary review of the judgment of the Twelfth Court of Appeals in Cause No. 12-01-00330-CR
that affirmed his conviction in Cause No. 114-0799-01 from the 114th Judicial District Court of
Smith County. Applicant shall file his petition for discretionary review with the Twelfth Court of
Appeals within 30 days of the date on which this Court's mandate issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).


Delivered: December 5, 2007

Do not publish